IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Lee Lankford, #50053, ) | |
| ) | C/A No. 0:08-2200-HMH-PJG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Sheriff Al Cannon; Deputy Sheriff ) | |
| Corey Smith; Chief Mitch Lucas; ) | |
| Major A. Hanson; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion for summary judgment. (Docket Entry 29.) The plaintiff, Billy Lee Lankford ("Lankford"), a state prisoner proceeding *pro se*,[1] filed this action pursuant to 42 U.S.C. § 1983, claiming that the defendants violated his constitutional rights.

## BACKGROUND

Lankford filed this action asserting claims concerning the conditions of his confinement while he was housed at Charleston County Detention Center. Specifically, Lankford contends that he was subjected to unsanitary living conditions; that he was not taken outside for recreation; that he suffered from coughing, rashes on his skin, and stress due to his environment; and that the lack of fire extinguishers, sprinkler system, and evacuation drills made the detention center unsafe for inmates. He contends that these conditions amount to "cruelty [and] harsh and inhumane treatment and living conditions." (See Compl., Docket Entry 1.) On October 20, 2008, the defendants filed

---

[1] At the time Lankford filed this case, he was a pre-trial detainee at Charleston County Detention Center. However, he has since entered into state custody and is currently incarcerated at Kirkland Correctional Institution.



a motion for summary judgment. (Docket Entry 29.) Lankford filed a timely response on November 6, 2008. (Docket Entry 35.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**B.     Defendants' Motion for Summary Judgment[2]**

    **1.     Conditions of Confinement**

Conditions of confinement of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535, 537 n.16 (1979); see also Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). However, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243-44 (1983) and Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir.1992)). Therefore, the standards applied in Eighth Amendment conditions of confinement cases are the same as those in cases arising under the Fourteenth Amendment.

To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). To demonstrate that the conditions deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food,

---

[2]The defendants moved for summary judgment on several grounds, one of which asserts that Lankford is attempting to relitigate issues previously decided in Lankford v. Al Cannon, et al, C/A No. 9:02-674-20BG. Upon review of C/A No. 9:02-674-20BG, it is unclear whether the issues are identical. Therefore, the court will address the substantive issues raised in the defendants' motion.

clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). As to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. Id. at 847; see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury). Further, a plaintiff must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. See Strickler, 989 F.2d at 1380-81.

Lankford complains of overcrowding; unclean and leaking toilets; bugs; ventilation; mold and mildew; dirty mattresses, blankets, and uniforms; limited exercise; and lack of fire drills or evacuation practices. Lankford alleges that as a result of some of these conditions he suffered from rashes and irritated skin and "staying sick and coughing up mucus." (Compl., Docket Entry 1 at 4.) Although prison conditions could reach the level of a constitutional violation if they were to produce "a serious deprivation of a basic human need," there is no indication that Lankford has suffered any serious or significant physical or mental injury as a result of these conditions. Strickler, 989 F.2d at 1379, 1380-81. At most, any injury that Lankford alleges was no more than *de minimis*. Lankford must demonstrate more than a *de minimis* pain or injury to survive summary judgment, which he has failed to do. See Riley v. Dorton, 155 F.3d 479 (4th Cir. 1998) (stating that "under the Fourteenth Amendment 'there is, of course, a *de minimis* level of imposition with which the Constitution is not concerned'") (quoting Ingraham v. Wright, 430 U.S. 651, 674 (1977)).

Moreover, Lankford has not presented any evidence that he was deprived a basic human need or that any of the named defendants acted with deliberate indifference to the alleged deprivations. See Strickler, 989 F.2d at 1379; see also Williams v. Griffin, 952 F.2d 820, 824-25 (4th Cir. 1991)

("[O]vercrowding accompanied by unsanitary and dangerous conditions can constitute an Eighth Amendment violation, provided an identifiable human need is being deprived."). Defendant Lucas attests that the Charleston County Detention Center has regular programs in place that address Lankford's complaints, such as monthly pest extermination, daily exercise, regular linen and laundry changes, as well as required fire equipment stations and posted evacuation routes. (Lucas Aff. ¶ 4, Docket Entry 29-3 at 2.) Further, Lankford has failed to establish any intent on the part of the defendants to punish him. See Strickler, 989 F.2d at 1381 ("The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments.").

Accordingly, viewing the evidence in the light most favorable to Lankford, there is no evidence that the practices of the Charleston County Detention Center of which Lankford complains rose to the level of a constitutional violation of the Fourteenth Amendment.[3]

### 2.     Eleventh Amendment/Qualified Immunity

To the extent Defendant Cannon is sued in his official capacity, he is immune from suit under the Eleventh Amendment to the United States Constitution.[4] See Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) (holding that the county sheriff is an arm of the State and immune from suit

---

[3]In Lankford's response to the defendants' motion for summary judgment, he appears to assert additional claims that were not contained in his complaint. For example, Lankford argues that he failed to receive follow-up medical treatment for his cough and that the detention center failed to provide him with library access and failed to transport him to his preliminary hearing. These issues were not contained in Lankford's complaint and are therefore not properly before this court. See Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

[4]Although not argued by the defendants, it appears that Defendant Smith as the Deputy Sheriff is also entitled to immunity under the Eleventh Amendment. See Gulledge, 691 F. Supp. at 954-55 (concluding that deputy sheriffs are agents of the state and cannot be sued in their official capacities).

under § 1983 for monetary damages); Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs are agents of the state and cannot be sued in their official capacities). Moreover, to the extent the defendants are sued in their individual capacities, they are entitled to qualified immunity.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992) (stating that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment (Docket Entry 29) be granted.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 17, 2009
Columbia, South Carolina

*The parties are referred to the important Notice attached hereto.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).